IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CEDRIC DAVIS-BROWN,                                                  PLAINTIFF

v.                           4:24CV00930-JM-JTK

HAGGERTY                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Cedric Davis-Brown ("Plaintiff") is confined in the Pulaski County Detention Center. He filed this pro se action alleging unlawful conditions of confinement. (Doc. No. 2). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which the Court granted. (Doc. Nos. 1, 3). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 3). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.).

Plaintiff has filed his amended pleading. (Doc. No. 4). The Court will now continue screening his claims.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Plaintiff's Amended Complaint

Plaintiff did not name a Defendant in his Amended Complaint. (Doc. No. 4 at 1-2). Plaintiff's statement of claim reads, in its entirety:

> Officer Haggerty was smoking on our rec yard on these dates 9-22-24, 9-29-24, 9-30-24, 10-6-24, 10-13-24, 10-7-24 and other dates as well. This is a "no" smoking facility and I am allergic to cigarette smoke. I also have asthma and smoke causes me health problems.

2

While Plaintiff did not name Officer Haggerty as a Defendant, it is clear from Plaintiff's allegations that his claim lies against Officer Haggerty. Plaintiff made official capacity claims only. (Id. at 2).

Plaintiff seeks damages in the amount of $1,000,000. (Id. at 5).

## IV.     Analysis

Plaintiff made official capacity claims only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's claims against Defendant Haggerty are the equivalent of claims against Pulaski County. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

In his original Complaint, Plaintiff also brought official capacity claims only. (Doc. No. 2). In its PLRA screening Order, the Court pointed out that Plaintiff's official capacity claims failed because he had not "alleged that a policy or practice caused the alleged violation of his rights." (Doc. No. 3 at 3). When Plaintiff was given the chance to submit an amended pleading, the Court advised Plaintiff that his Amended Complaint should "explain the reasons for an official capacity claim," among other instructions. (Id. at 5). Despite specific instructions from the Court, Plaintiff has not pled that a policy, practice, or deliberately indifferent failure to train or

supervise was the driving force behind the alleged violation of his rights. As such, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

## V.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 18th day of November, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."